IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHARLES W. OUTLAW, III, | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO. 5:11-CV-325-CAR-MSH |
| | : | |
| Mr. Jordon, *et. al.*[1] | : | |
| | : | |
| Defendants. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| _____ | | |

**ORDER AND RECOMMENDATION**

Plaintiff **CHARLES OUTLAW**, a prisoner at Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. This Court previously granted Plaintiff's Motion to Proceed *in forma pauperis*. After an initial review of his Complaint, however, the Court determined that Plaintiff had improperly joined unrelated claims a single action and directed Plaintiff to recast his Complaint. Plaintiff has now filed his Recast Complaint [Doc. 9], in which he attempts to state related claims under both 42 U.S.C. §1983 and Title II of the Americans with Disabilities Act ("the ADA"), 42 U.S.C.A. § 12131 et seq.

Having reviewed Plaintiff's Recast Complaint, pursuant to 28 U.S.C. §1915A, the Court finds that Plaintiff has sufficiently stated claims under both § 1983 and the ADA. It is **RECOMMENDED**, however, that any claim for damages against Defendants **Lewis**

---

[1] Plaintiff has recast his Complaint and thereby amended the named Defendants in this case. The Clerk is thus **DIRECTED** to amend the Docket and the style of this case accordingly.

and **Holt** and any ADA claims against Defendants **Stephenson**, **Seleska**, **Beth**, **Moody**, **Jones**, and **Jordan** be **DISMISSED** for failure to state a claim.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in §1915A "shall" be dismissed on preliminary review).

In making the above determinations, however, all factual allegations in the complaint must be viewed as true.  Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro se* pleadings are likewise "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998).

## STATEMENT AND ANALYSIS OF CLAIMS

The present case arises from the conditions of confinement and alleged lack of accommodation for Plaintiff Charles Outlaw, a wheelchair-bound inmate.  According to the Recast Complaint, select officials at Baldwin State Prison, Valdosta State Prison, and the Georgia Department of Corrections have knowingly and intentionally caused Plaintiff to be housed in facilities not conducive to the use of a wheelchair.

In the Complaint, Plaintiff alleges that, while he was incarcerated at Valdosta State Prison ("VSP"), Defendants **Stephenson**, an employee at VSP, **Seleska**, a physician at

VSP, and **Beth**, a nursing supervisor at VSP, conspired together to have him discharged from an assisted living environment in the VSP infirmary. The "abrupt" move was apparently initiated by Defendant Stephenson; but, Defendants Seleska and Beth also apparently played a part in forcing his discharge. According to Plaintiff, Defendants **Moody**, the head physician at VSP, and **A.L. Jones**, the Medical Director at VSP, consented and gave permission for the move. Plaintiff further alleges that the discharge and move were discriminatory or "based on biased reasons." After his discharge, Plaintiff was housed in "J-2 cell #9" and thereby denied showers and access to the yard because the unit "was not wheelchair accessible." Plaintiff contends that these conditions placed his "safety and well-being . . . in jeopardy."

At some point, Plaintiff was transferred to Baldwin State Prison ("BSP"). There, Plaintiff was also housed in a cell which was not wheelchair accessible, and he was, as a consequence, again denied showers and access to the yard for recreation. The Complaint alleges that this issue has been "on-going" and that Defendant **Jordan**, the unit manager, is "very familiar and . . . very much aware of [Plaintiff's] situation," but still "fails to make adequate accommodations" or "bring [Plaintiff's] living area up to standards."

Plaintiff allegedly filed a grievance about the lack of accommodation for his disability; an official responded, but no changes were made. According to Plaintiff, Defendants **Sharon Lewis**, the Medical Director at the Georgia Department of Corrections ("GDOC"), and **Stuart Holt**, a GDOC official involved with housing and transfer, are aware of his situation, but have failed to ensure that his conditions of confinement comply with the ADA. Plaintiff further complains that BSP "is not suitable for living or

rehabilitation for wheelchair bound inmates," and that Vanessa O'Donald and **Stuart Holt** continue to place him "at prisons not suitable for [his] condition."

Based on these allegations, the Court can only assume that Plaintiff intends to bring claims against Defendants under both §1983 and the ADA. His Complaint also specifically names Defendants **Stephenson**, **Seleska**, **Beth**, **Moody**, **Jones**, and **Jordan** only in their individual capacities and Defendants **Lewis** and **Holt** only in their official capacities as employees of the GDOC. Plaintiff seeks to recover compensatory damages and, presumably, injunctive relief with respect to the conditions of his current confinement.

There are, therefore, many legal aspects to Plaintiff's claims.  Indeed, in cases like the one at bar, "it is important for lower courts to determine on a claim-by-claim basis (1) which aspects of the State's alleged conduct violate Title II; (2) to what extent such alleged misconduct also violates the Constitution; and (3) whether such alleged misconduct violates Title II but does not violate the Constitution." Miller v. King, 449 F.3d 1149, 1150-51 (11th Cir. 2006).  Nonetheless, when construing the present Complaint liberally in favor of Plaintiff, it is apparent that both his ADA and §1983 claims should be allowed to go forward, at least beyond the frivolity review stage.

It is well settled that the ADA extends to disability discrimination against state prison inmates. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 212, 213, 118 S. Ct. 1952, 1956, 141 L.Ed.2d 215 (1998).  However, "only public entities are liable for violations of Title II of the ADA." Edison v. Douberly, 604 F.3d 1307, 1308 (11th Cir. 2010) (citing Yeskey, 524 U.S. at 210); 42 U.S.C. § 12131.  Here, Plaintiff has named Defendants Lewis and Holt in their official capacities, and thus his claims are, in essence,

against a "public entity," the GDOC, as required by the ADA. See id. at n. 1.

To state a claim under Title II of the ADA, a plaintiff must allege that (1) he is a "qualified individual with a disability," (2) he was "excluded from participation in or . . . denied the benefit of the services, programs, or activities of a public entity," or otherwise "discriminated [against] by such entity," (3) "by reason of such disability." 42 U.S.C. § 12132.  In this case, Plaintiff has alleged that he is in a wheelchair,[2] that Defendants Lewis and Holt are aware Plaintiff is being denied the benefits of the shower facilities and recreational activities in the prison because of his disability, and that Defendants failed to act within the scope of their official capacities to remedy the situation.   These allegations are sufficient to allow Plaintiff's ADA claims against Defendants Lewis and Holt to proceed beyond the frivolity review stage. See e.g., Emmett v. Walker, 2008 WL 2755848 at *5 (S.D. Ga. July 15, 2008) (allowing ADA claim based upon wheelchair accessibility at prison to go forward).  Plaintiff, however, will not be permitted to pursue ADA claims against those Defendants who are named only in their individual capacities. See id. (finding that there is no individual liability under the ADA); 42 U.S.C. § 12132.

Plaintiff's §1983 claims are presumably stated against all Defendants.  In his Complaint, Plaintiff has alleged that each of these individuals were aware of his special needs and were in a position to respond to those needs, but each either intentionally caused him to be placed in conditions not conducive to wheelchair use or otherwise knew of the unlawful conditions of his confinement and exhibited a deliberate indifference to it.

---

2 The Recast Complaint does not expressly state that Plaintiff is disabled. It only states that Plaintiff is in a wheelchair.  In light of the liberal construction that must be given to *pro se* pleadings, the Court will assume Plaintiff has a disability.

According to Plaintiff, these intentional actions denied him the ability to take a shower or access the yard and have placed his "safety and well-being . . . in jeopardy." Though Plaintiff's allegations are not as specific as they could be, the Court finds that Plaintiff should, nonetheless, be given an opportunity to flesh out these serious allegations beyond the frivolity review. See e.g., Goodman v. Donald, 2007 WL 2164535 at *7 (S.D. Ga. July 24, 2007) (allowing similar claims by wheelchair-bound inmate to go forward).

Still, Plaintiff will not be allowed to proceed with any §1983 claims for damages against Defendants Lewis and Holt, who were only named in their official capacities. "The Eleventh Amendment . . . bars suit against state officials acting in their official capacities when the state is the real party in interest." Stevens v. Gay, 864 F.2d 113, 114-15 (11th Cir. 1989). These Defendants, however, are not insulated "from suit for prospective injunctive relief to remedy violations of federal constitutional law." Id. Thus, Plaintiff's §1983 claims against Lewis and Holt will be permitted to go forward, but only to the extent he seeks prospective injunctive relief. See id.; Edelman v. Jordan, 415 U.S. 651, 664–71, 94 S. Ct. 1347, 1356–60, 39 L.Ed.2d 662 (1974) (holding that court may enjoin state official's future conduct, but may not grant retroactive monetary relief that state will pay).

## CONCLUSION

For these reasons, the Court finds that Plaintiff has sufficiently stated claims against Defendants **Stephenson**, **Seleska**, **Beth**, **Moody**, **Jones**, **Jordan**, **Lewis** and **Holt** for alleged violations of his Eighth Amendment rights under 42 U.S.C. § 1983. Plaintiff may also go forward with his claims against Defendants **Lewis** and **Holt** for alleged ADA violations. It is **RECOMMENDED**, however, that any claim for damages against

Defendants **Lewis** and **Holt** and any ADA claims against Defendants **Stephenson**, **Seleska**, **Beth**, **Dr. Moody**, **Jones**, and **Jordan** be **DISMISSED** as required by 28 U.S.C. §1915A(b).

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

In light of the Court's findings, it is hereby **ORDERED** that service be made against all Defendants and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of their duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

This Court previously granted Plaintiff's Motion to Proceed *in forma pauperis*. Plaintiff is, nonetheless, still obligated to pay his filing fee, as discussed later in this Order and Recommendation. The Clerk is **DIRECTED** to send a copy of this Order to the business manager of the facility where Plaintiff is currently incarcerated.

**All parties shall additionally take note of the rules and requirements discussed below:**

### DUTY TO ADVISE OF ADDRESS CHANGE

All parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties

are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be

required to respond to any requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall

remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments.  In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this _____ day of September 2011.

STEPHEN HYLES
UNITED MAGISTRATE JUDGE