IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHARLES OUTLAW, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 5:11-CV-325-CAR-MSH |
| | : | 42 U.S.C. § 1983 |
| Ms. STEVENSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **REPORT AND RECOMMENDATION**

Presently pending before the Court is Defendants' Motion to Dismiss (ECF No. 21). Specifically, Defendants contend that Plaintiff has failed to state a valid claim against them, failed to allege any physical injury as required under the Prison Litigation Reform Act ("PLRA"), and seeks compensatory damages for violations of the Americans with Disabilities Act ("ADA") for conduct that does not independently violate a Fourteenth Amendment right. (Mot. to Dismiss 2.) In the alternative, Defendants assert the defense of qualified immunity. (*Id.*) For the reasons described below, the Court recommends dismissal of Plaintiff's claims.

### **BACKGROUND**

Plaintiff claims that he is a wheelchair bound inmate with multiple sclerosis currently housed at Baldwin State Prison. (Pl.'s Compl. 5, ECF No.1.) Plaintiff alleges that his Eighth and Fourteenth Amendment rights were violated by the Defendants when he was unlawfully discharged from the prison infirmary and denied the ability to have

outdoor recreation time and access to showers. (Compl. 5, ECF No. 1.) After preliminary review of his Complaint, several defendants were dismissed as parties from the action, and Plaintiff was ordered by the Court to amend his pleadings by filing a Recast Complaint. (ECF No. 6.) On September 19, 2011, Plaintiff filed his Recast/Amended Complaint.[1] (ECF No. 9.) Defendants filed their Motion to Dismiss on December 2, 2011. (ECF No. 21.) Plaintiff filed his Response on May 4, 2012 (ECF No. 27), and Defendants filed a Reply on May 11, 2012 (ECF No. 28). This case is now ripe for review. **DISCUSSION**

I.   **Plaintiff's Claims**

Plaintiff filed the current lawsuit on September 19, 2011, alleging that on April 13, 2010, while housed at Valdosta State Prison ("VSP") he was unlawfully moved from the prison infirmary to the segregation unit where he was purportedly denied access to outside recreation time and showers. (Am. Compl. 5.) Plaintiff further alleges that on or around November 18, 2011, he was housed in a wheelchair inaccessible cell at Baldwin State Prison ("BSP") and again denied yard recreation and showers. (*Id.*) Plaintiff

---

1 In the Response to the motion to dismiss, Plaintiff asked the Court to amend his complaint. (Pl.'s Resp. to Mot. to Dismiss 2, ECF No. 27.) It is unclear what Plaintiff seeks to amend. If Plaintiff's wish is to amend his pleadings to include a motion for preliminary injunction against the Defendants, Plaintiff is reminded that his previous motion for injunctive relief (ECF No. 3) was denied in the Order of August 25, 2011 (ECF No. 6). Plaintiff's second motion for a preliminary injunction provides the Court no further evidence which would necessitate injunctive relief, and Plaintiff's motion is again DENIED. Alternatively, if Plaintiff is seeking to amend his complaint to add new claims or parties, Federal Rule of Civil Procedure 15(a)(1) states that a party may amend a pleading once as a matter of course within 21 days after serving it or 21 days after the service of a responsive pleading or a motion under Rule 12(b), "whichever is earlier." "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Neither of those events has occurred. Thus, Plaintiff's motion to amend is DENIED.

contends that the lack of yard recreation and showers due to the segregation unit assignment he was given at VSP and BSP constitute "cruel, unusual, unethical, [and] unprofessional" treatment and put his "safety and well-being . . . in jeopardy." (*Id.*) Plaintiff seeks "compensatory relief in the sum of the state's capability in reference to the violations." (Pl.'s Am. Compl. 6; ECF No. 9).

## II.    Failure to State a Claim

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

The Eighth Amendment to the Constitution of the United States prohibits the infliction of "cruel and unusual punishment." The United States Supreme Court has held

3

that the Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The Court has further held, however, that prison officials "must provide humane conditions of confinement; must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). A viable Eighth Amendment claim has both a subjective and an objective component. *Farmer*, 511 U.S. at 834. The subjective component requires proof that the officials acted with subjective deliberate indifference to an inmate's health or safety. *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). The objective component requires proof that the deprivation was sufficiently serious. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). A prison official may be held liable under the Eighth Amendment only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer,* 511 U.S. at 847.

    A.    Infirmary Discharge

As to his claims that he was unlawfully removed from the infirmary to a wheelchair inaccessible cell by Defendants Seleska, Beth, Moody, Jones, and Stephenson, Plaintiff has failed to state a viable claim for relief under 42 U.S.C. § 1983. Although he claims the discharge amounted to "cruel, unusual, unethical, [and] unprofessional treatment," his conclusory allegations are insufficient to support a § 1983 claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (mere allegations that defendants "knew of, condoned, and willfully and maliciously agreed to subject" plaintiff to harsh

4

conditions of confinement for a discriminatory reason are not entitled to an assumption of truth because they are conclusory in nature). Plaintiff has not alleged that these Defendants acted with deliberate indifference with the knowledge that Plaintiff faced any risk of serious harm.

Furthermore, the facts as alleged by Plaintiff show that his claim rests upon a disagreement with the medical staff regarding the course of his treatment - in this case, the appropriateness of discharging him from the prison infirmary. In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 104-105 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle,* 429 U.S. at 107. A mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation. *Id.* at 106.

Plaintiff's allegations that he was unlawfully and discriminatorily discharged from the prison infirmary and placed in a wheelchair inaccessible cell do not rise to the level of a constitutional violation. Therefore, his claims regarding his discharge do not state a viable claim for relief and must be dismissed.

B.     Denial of Access to Outdoor Recreation

Plaintiff's claims concerning the denial of outdoor recreation time must also fail. The Court, in *Jones v. Diamond*[2], held that inmates have no constitutional right to

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) *en banc,* the 11th Circuit Court of Appeals adopted as precedent the decisions of the Former Fifth Circuit issued before October

outdoor recreation time.  *Jones,* 594 F.2d 997, 1012-13 (5th Cir.1979).  The Eleventh Circuit has further held that a "complete denial . . . of outdoor exercise, although harsh, [does] not violate the Eighth Amendment." *Bass v. Perrin*, 170 F.3d 1312, 1317 (11th Cir. 1999).  Thus, whether Plaintiff was denied access to time outdoors for a valid reason, or even an unlawful reason, he is not entitled to relief under 42 U.S.C. § 1983.

### C. Denial of Access to Shower

Plaintiff has also alleged that after he was released from the infirmary, he was placed in a wheelchair inaccessible cell where he was denied access to showers "due to his handicap and segregation unit assignment." (Resp. to Mot. to Dismiss 2,3; ECF No. 27.)  Defendants argue that Plaintiff has failed to state a valid claim as the allegations provide "no factual context regarding the alleged lack of showers" and failed to indicate whether he had a sink available to him or for how long the showers were denied.  (Mot. to Dismiss 7.)

"For conditions of confinement to rise to the level of an Eighth Amendment violation, they must be 'cruel and unusual' under contemporary standards.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.  However, when the restrictions of confinement rise to a level that results in physical torture, it can result in pain without penological purpose constituting cruel and unusual punishment under the Eighth Amendment." *Bradley v. Puckett,* 157 F.3d 1022, 1025 (1998) (citation omitted).  It is

---

1, 1981.

the "obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Id.*

As stated *supra*, in analyzing a motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Twombly*, 550 U.S. at 556. In *Bradley v. Puckett*, after the district court dismissed the plaintiff's case, the Fifth Circuit Court of Appeals found that the district court erred in determining that the handicapped plaintiff had not met the required showing to proceed with his claim that he had been unconstitutionally denied access to showers based on his disability. *Bradley*, 157 F.3d at 1025-26. The Court found that the plaintiff had asserted that he had been denied the ability to shower for several months and that prison officials were aware of his disability but deliberately ignored it. *Id.* It was found that the plaintiff in *Bradley* was forced to clean himself using toilet water which resulted in a fungal infection requiring medical attention. *Id.* Thus, the Court found that the facts alleged by the plaintiff might have warranted relief under the Eighth Amendment and remanded the case back to the district court. *Id.* at 1026.

Here, Plaintiff has alleged the denial of access to showers based on his placement in a wheelchair inaccessible cell. Plaintiff, however, has failed to allege how long he was denied access to a shower, or whether any injury resulted from the denial. Thus, Plaintiff's case is distinguishable from *Bradley*, and Plaintiff's bare allegations are not enough to assert a valid Eighth Amendment claim. Therefore, his claims must fail.

7

### D. ADA Claims

Defendants also argue that Plaintiff's claims brought under the Americans with Disabilities Act ("ADA") should be dismissed for failure to state a claim. (Mot. to Dismiss 7.) Specifically, Defendants contend that the violations of the ADA as alleged by Plaintiff are for conduct that does not independently violate a Fourteenth Amendment right. (*Id.*)

"To state a claim under Title II of the ADA, a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or . . . denied the benefits of the services, programs, or activities of a public entity or otherwise discriminated [against] by such entity; (3) by reason of such disability." *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (internal quotation marks and citation omitted) (alteration in original).

Even accepting the allegations in Plaintiff's complaint as true, he has failed to state a valid claim pursuant to the ADA. First, although he notes that he uses a wheelchair, Plaintiff has failed to establish that he is a qualified individual with a disability. The Eleventh Circuit has held that a qualified individual with a disability under Title II is defined as a person who, without reasonable modifications or the provision of auxiliary services, meets the essential eligibility requirements for the receipt of services or participation in a program. *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1081 (11th Cir. 2007). Furthermore, as noted above, none of the acts complained of by Plaintiff actually violated his constitutional rights. Plaintiff has failed to state the length of time in which he was denied access to recreation time and showers, and whether or not

inmates who were transferred to segregation were entitled to outdoor recreation. *See e.g. Bass v. Perrin*, 170 F.3d 1317 (11th Cir. 1999) (no constitutional violation when outdoor recreation time is totally denied.)  Plaintiff has also failed to show that he was discriminated against in his ability to have outdoor recreation time or the ability to take showers by reason of his disability or whether it was merely because he had been placed in a segregation unit.  Because he has failed to state a valid claim pursuant to the ADA, the claims made by Plaintiff lack merit.

### III.   No Physical Injury

Although a plaintiff does not necessarily have to allege a severe injury to have articulated a claim under § 1983, he does have to allege *some injury* in order for his action to be sustainable.  *See, e.g., Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 976 (2005) (explaining that injury-in-fact is necessary in order to establish Article III standing).  In this case, Plaintiff fails to allege any injury from the failure of the Defendants to allow him access to outdoor recreation and showers.  Pursuant to 42 U.S.C. § 1997e(e), a prisoner must first show that he has suffered a physical injury before he may recover for any "mental or emotional injury suffered while in custody."  Since Plaintiff has failed to even allege a physical or emotional injury concerning actions of the Defendants, he cannot recover for any purported mental or emotion injury suffered therefrom.  Consequently, Defendants are entitled to judgment as a matter of law on this claim.

### V.    Qualified Immunity

Qualified immunity protects government officials performing discretionary

functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established right of which a reasonable person would have known. In sum, qualified immunity is a guarantee of fair warning. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir.). The Supreme Court has held that in a case against an officer in which the Plaintiff alleges a violation of his constitutional rights, the two requirements of this defense must be analyzed. *Saucier v. Katz*, 121 S.Ct. 2151, 2155 (2001). The first qualified immunity inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, the facts show that the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001) *overruled in part by Pearson v. Callahan,* 555 U.S. 223 (2009) (based on the circumstances of the particular case, the courts are now able to decide which of the two inquiries should be addressed first); *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). The second qualified immunity question is whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 201. "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.* If either element of the qualified immunity test is decided against the Plaintiff, the Defendant is entitled to qualified immunity.

      Here, it is undisputed that Defendants were acting within the scope of their discretionary authority as state employees at all relevant times. *See Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002). Furthermore, it has been demonstrated that none of the acts complained of violated any of Plaintiff's clearly established constitutional rights.

Because Plaintiff has failed to establish that he met either prong of *Saucier*, the Defendants are entitled to qualified immunity.

## CONCLUSION

For the reasons described above, the claims against Defendants should be dismissed. It is therefore recommended that Defendant's motion to dismiss (ECF No. 15) be GRANTED. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 28th day of August, 2012.

S/Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE